IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| PAULETTE TEMPLE,<br><br>                      Plaintiff,<br><br>vs.<br><br>C.R. BARD INC., and BARD<br>VASCULAR INC.,<br><br>                      Defendants. | CV 19-91-BLG-SPW-TJC<br><br><br>**ORDER** |

Before the Court is Defendants' Motion to Strike New Opinions of Plaintiff's Expert Dr. Garcia under Fed. R. Civ. P. 26. (Doc. 46.) The Motion has been referred to the undersigned under 28 U.S.C. § 636(b)(1)(B). The matter is fully briefed and ripe for review. Having considered the parties' briefing and oral arguments, the motion is **DENIED**.

## I.    Background

Plaintiff Paulette Temple ("Temple") filed this suit on April 1, 2018, as part of a greater multidistrict litigation proceeding in the District of Arizona (MDL 2641), alleging several claims related to the installation of Defendants' inferior vena cava filter. (Doc. 1.) By the time Temple filed her suit, multiple phases of discovery had concluded, including initial disclosures, expert disclosures, and general discovery. (*See* Doc. 3 at 9-13, 31-32.) Dr. Garcia, whose opinion is at

1

issue here, was disclosed as a general expert and his report was produced on March 3, 2017.  (*See* Doc. 47-1.)

The case was ultimately transferred to this Court from the District of Arizona on September 6, 2019, as the result of a general suggestion of remand and transfer.  (Doc. 5, dated September 9, 2019.)  On transfer, the Court received Case Management Orders, Daubert Orders, and Discovery Orders, among others.  (*See* Docs. 7-14.)  While general discovery had closed, case-specific discovery remained for this Court to determine.  (Doc. 3 at 32.)  The Transfer Order noted that "the courts receiving these cases need not be concerned with facilitating general expert … discovery," but that this did not mean "to restrict the power of transferor courts for good cause or in the interest of justice to address issues that may be unique and relevant in the remanded or transferred cases."  (*Id.* at 31-32.)

On February 9, 2021, Temple designated Dr. Garcia as a general expert "disclosed previously in other litigation."  (Doc. 47-3.)  Temple also notified Defendants that Dr. Garcia's March 2017 report had been updated by subsequent reports dated October 21, 2019, and June 30, 2020.  (*Id.* at 4.)  The June 2020 report is at issue here.

Defendants move to strike the June 2020 report as an improper supplementation under Rule 26(e) on grounds that it does not address new facts, literature, or other materials that came into existence since his March 2017 report.

(Docs. 46; 47 at 8-9.) Instead, Defendants argue that all the materials the June 2020 report relied upon were available when the March 2017 report was prepared. (*Id.* at 9.) Thus, Defendants assert that the June 2020 report is an untimely submission of a new general opinion and not a proper supplementation under Rule 26(e). (*Id.* at 9, 12.)

## II.    Legal Standard

Federal Rule of Civil Procedure 26(a) requires the parties to make their expert witness disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Rule 26(e) requires the supplementation of expert reports "in a timely manner" upon discovery of new information. Fed. R. Civ. P. 26(e)(1)(A); *Plentyhawk v. Sheikh*, 2016 WL 3086404, at *3 (D. Mont. May 31, 2016).

"Rule 37 'gives teeth' to Rule 26's disclosure requirements by forbidding the use at trial of any information that is not properly disclosed." *Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Rule 37 provides in relevant part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1).  The exclusionary sanction is "self-executing" and "automatic."  *Goodman*, 644 F.3d at 827.  It is "designed to provide a strong inducement for disclosure," and does not require a finding of willfulness or bad faith.  *Yeti*, 259 F.3d at 1106.  The only exception to the exclusion is "if the parties' failure to disclose the required information is substantially justified or harmless."  *Id.*  "A late disclosure is harmless if it 'occurs long before trial and is likely subject to correction' without materially prejudicing the opposing party."  *Morel v. Daimler-Chrysler Corp.*, 259 F.R.D. 17, 20 (D.P.R. 2009) (citations omitted).

## III.   Discussion

Temple acknowledged during hearing on this motion that the Rule 26(e) supplementation of Dr. Garcia's Rule 26(a) expert report was untimely, given the MDL general discovery deadline, and agreed that the Rule 37 standard for "substantially justified or harmless" applies.  The Ninth Circuit has set forth four factors for courts to consider in evaluating whether a violation of Rule 26(a)'s expert reporting requirements is justified or harmless under Rule 37(c)'s exception: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence."  *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir.

2010).  The burden is on the party facing Rule 37 sanctions to show the violation was substantially justified or harmless.  *Yeti*, 259 F.3d at 1107.

Here, since no trial date has been set, there is no likelihood of disruption of trial.  Further, neither bad faith nor willfulness are at issue.  Thus, the Court's focus is on prejudice or surprise to Defendants, and whether any prejudice can be cured.

The Court finds that while Dr. Garcia's June 2020 report was untimely for the MDL's discovery deadline for general expert opinions, any violation is harmless.  The Advisory Committee's note to the 1983 Amendment of Rule 26 proves instructive:

> The purpose of discovery is to provide a mechanism for making relevant information available to the litigants. "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).

Fed. R. Civ. P. 26 advisory committee's note to 1983 amendment.  Thus, discovery is designed to "remove surprise from trial preparation."  *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998); *Lindgren v. Holt*, 2001 U.S. Dist. LEXIS 26508, at *5-6 (D. Mont. Sept. 26, 2001) ("The main purpose of Rule 26(a)(2) is to provide notice of expert testimony to the opposing party, enabling that party to prepare rebuttal.")

Here, Defendants have not been caught unaware or surprised by Dr. Garcia's June 2020 report.  Defendants have been on notice of his opinions in the June 2020 report well before the transfer order in this case.  (*See* Docs. 47-1; 47-2.)

5

Defendants have also deposed Dr. Garcia in June 2017 and on multiple times since. (*See*, *e.g.*, Docs. 48-2; 48-8; 48-9.)  Defendants have also attempted to exclude his opinions on these same grounds and have filed substantially the same motion presented here in at least eight other cases.  See *Gregor v. C.R. Bard, Inc.,* 2021 WL 3855474, at *17 (E.D. Tex. Aug. 30, 2021) (collecting cases finding defendants have long been aware of Dr. Garcia's opinions, have had the opportunity to challenge those opinions, and any late disclosure of his 2020 report is harmless).

The Court agrees with the reasoning in these cases, and concludes that any late disclosure of Dr. Garcia's June 2020 report is harmless.  Defendants' motion to strike will be denied.

## IV.    Conclusion

 For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion to Strike (Doc. 46) is DENIED.

**IT IS ORDERED**.

DATED this 18th day of October, 2021.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge